*rec'd. 7/18/14*
*sun*
*Mayor c copy*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RICHARD D. JONES JR
    Vs.                                              C.A. No.    2014 CA 003888 B
DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                Chief Judge Lee F. Satterfield

Case Assigned to: Judge HERBERT B DIXON JR
Date:  June 24, 2014
Initial Conference: 9:30 am, Friday, September 19, 2014
Location:  Courtroom 415
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001                                         Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Richard D. Jones, Jr.
_____
Plaintiff

vs.

Case Number **14-0003888**

District of Columbia: serve: Mayor Vincent Gray
_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Gregory L. Lattimer
_____
Name of Plaintiff's Attorney

1200 G Street, N.W. Ste 800
_____
Address
Washington, D.C. 20005
_____
(202) 434-4513
_____
Telephone

*Clerk of the Court*

By _Maneea Pugh_
Deputy Clerk

Date 6/20/14

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                 CASUM.doc

RECEIVED
Civil Clerk's Office
JAN 2 0 2014

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| RICHARD D. JONES, JR.<br>4625 Dallas Place<br>#102<br>Temple Hills, MD 20748<br><br>Plaintiff,<br><br>vs.<br><br>THE DISTRICT OF COLUMBIA<br>Serve: Vincent Gray, Mayor<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20005<br><br>Serve: Irvin Nathan<br>D.C., Attorney General<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20005<br><br>and<br><br>OFFICER ADAM SHAATAL<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>and<br><br>OFFICER MICHAEL LITTLEJOHN<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>and<br><br>OFFICER BRANDON BALDWIN<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>Defendants. | Case No. 14 - 0003888 |

## COMPLAINT
(Police Brutality/Excessive Force; False Arrest/False Imprisonment; Assault & Battery; Deprivation of Civil Rights; Negligent/Intentional Infliction of Emotional Distress)

### INTRODUCTION

1. This is a civil action brought against the defendants for acts of negligence and intentional misconduct by a member of the Metropolitan Police Department while acting under color of law.

### JURISDICTION

2. Jurisdiction exists in this case pursuant to D.C. Code § 11-921 (1981).

### PARTIES

3. Richard D. Jones, Jr. was at all times relevant herein, a United States citizen and a resident of the State of Maryland.

4. Officer Adam Shaatal, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

5. Officer Michael Littlejohn, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

6. Officer Brandon Baldwin, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

7. Defendant District of Columbia is a Municipal Corporation and at all times herein was responsible for the actions of the members of its police department.

### STATEMENT OF R RELEVANT FACTS

8. On the evening of June 20, 2013, at approximately 9:00 p.m., plaintiff Richard D. Jones,

Jr., was seated in his automobile outside the home of his friend and co-worker, William Kenley located at 1022 Girard Street, N.E., Washington, D.C. Plaintiff Jones had arranged to meet Mr. Kenley at his home, however, he arrived prior to Mr. Kenley. The plaintiff parked his vehicle on Girrard Street and sat there waiting for Mr. Kenley to arrive. After a brief period, Mr. Kenley arrived and parked his vehicle. At about the same time, Officer Shaatal pulled up in a police cruiser and advised plaintiff Jones that he was conducting a "traffic stop." As plaintiff was seated in his lawfully parked vehicle, he asked Officer the basis for the alleged "traffic stop." Defendant Shaatal became hostile and demanded that plaintiff Jones produce his drivers' license and registration. Apparently still agitated by the fact that the plaintiff had the audacity to question his actions, defendant Shaatel ordered the plaintiff out of his vehicle. Mr. Kenley, who had arrived as this scene was unfolding, attempted to explain to defendant Shaatel that the plaintiff was merely there to see him, and indicated that he lived in the home in front of which the plaintiff was parked. Nonetheless, when plaintiff presented his drivers' license and registration, defendant Shaatal snatched the items from plaintiff's hand. When the plaintiff told defendant Shaatel that his hostility was not necessary, he was threateningly asked "what are you going to do about it?" as he placed plaintiff's driver's license and registration on the roof of plaintiff's vehicle.

9. Defendant Shaatel then amazingly began to put on gloves as Mr. Kenley continued to try and diffuse the situation. Defendant Officer Shaatal responded by telling Mr. Kenley that this had nothing to do with him. The plaintiff meanwhile, complied with the defendant Shaatel's directive that he exit his vehicle. As he did so, defendant Shaatel began pushing and shoving the plaintiff to the front of his vehicle. In an attempt to contrive a basis and to justify arresting and beating the plaintiff, defendant Shaatal jumped back from plaintiff Jones and began shouting he's "resisting," he's "resisting." Defendant Littleton, who had arrived on the scene shortly before plaintiff Jones

exited his vehicle and who knew or should have known that plaintiff Jones was not resisting, grabbed plaintiff Jones and began placing him in a choke hold with his baton. At the same time, defendant Shaatal began violently beating plaintiff Jones on his legs with a baton. After defendant Littlejohn took plaintiff down to the ground in the choke hold, defendant Shaatal continued to beat plaintiff Jones on his legs with the baton. Defendant Baldwin, who had also arrived on the scene by this time stood by and watched as defendants Shaatel and Littlejohn beat the plaintiff for no reason and took no action to intervene or stop the assault being committed in his presence. After being physically abused for no reason at all, the plaintiff was placed in handcuffs.

10. Unbeknown to defendants Shaatal, Littlejohn and Baldwin, Mr. Kenley had begun recording the incident on his mobile phone. When the defendant officers realized that Mr. Kenley was recording the incident they then turned their hostility toward him by knocking the phone out of his hands. Mr. Kenley was ultimately arrested on the bogus charge of assault on a police officer.

11. As plaintiff lay on the ground suffering from the physical pain associated with the unprovoked and illegal attack by defendants Shaatal and Littleton and in handcuffs, several members of the D.C. Metropolitan Police Department, including but not limited to defendant Baldwin, maced plaintiff in his face. The plaintiff was left to lay on the ground in pain for a substantial period of time. Subsequently, an unidentified MPD officer washed plaintiff's eyes where had beed sprayed with mace. For no reason other than to cause him further discomfort, disgrace, and humiliation, the defendant officers, forced the plaintiff to stand for another 30 minutes as they laughed and joked about his circumstance.

12. More than an hour after the plaintiff was stopped, beaten, placed in a choke hold, handcuffed, maced and forced to stand on his injured legs, the plaintiff was transported to Fifth District Police Station and was booked, finger printed and processed. Incredulously, after having

viciously beaten plaintiff, the defendants officer falsely and maliciously charged plaintiff Jones with a crime. Plaintiff Jones was placed in a holding cell other detainees. With the intent to cause plaintiff Jones further harm, officers repeatedly inquired as to plaintiff Jones' occupation, even though they knew that he was a corrections officer, and repeatedly broadcast this information so that the others being detained would hear.

13. Hours later, the plaintiff was taken to Central Cell at the D.C. Superior Court and placed in a holding cell. At approximately 4:00-5:00 p.m., on the following day, the plaintiff was informed that his case was no papered and he was free to leave.

14. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the defendant police officers in the actions taken relating to the plaintiff.

## COUNT I
### (Excessive Force/Police Brutality)

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. At all times relevant herein, defendant officers had a duty to employ only reasonable measures in their interaction and treatment of the plaintiff.

17. Notwithstanding said duties, the defendant officers and defendant District of Columbia through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on plaintiff inasmuch no force whatsoever was warranted under the circumstances nor authorized.

18. Defendant District of Columbia, acting under color of law, approved and/or condoned the actions of the defendant officers thus, any and all liability on the part of the defendant officers is imputed to defendant District of Columbia.

19. As a direct and proximate result of the intentional and wrongful actions of the

by the defendant officers, plaintiff Jones suffered discomfort, distress and loss of liberty and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel. (202) 434-4513



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RICHARD D. JONES JR
Vs.                                                     C.A. No.    2014 CA 003888 B
DISTRICT OF COLUMBIA

# INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge HERBERT B DIXON JR
Date:   June 24, 2014
Initial Conference: 9:30 am, Friday, September 19, 2014
Location:  Courtroom 415
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Richard D. Jones, Jr._
Plaintiff

vs.

Case Number **14-0003888**

_District of Columbia, serve: Irvin Nathan_
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Gregory L. Lattimer_
Name of Plaintiff's Attorney

_1200 G Street, N.W. Ste 800_
Address
_Washington, D.C. 20005_

_(202) 434-4513_
Telephone

By _Marsha Pugh_
Deputy Clerk

Date _6/20/14_

Clerk of the Court

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                       CASUM.doc

RECEIVED
Civil Clerk's Office
JUN 2 0 2014
Superior Court of the
District of Columbia
Washington, D.C.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| RICHARD D. JONES, JR.<br>4625 Dallas Place<br>#102<br>Temple Hills, MD 20748<br><br>Plaintiff,<br><br>vs.<br><br>THE DISTRICT OF COLUMBIA<br>Serve: Vincent Gray, Mayor<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20005<br><br>Serve: Irvin Nathan<br>D.C., Attorney General<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20005<br><br>and<br><br>OFFICER ADAM SHAATAL<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>and<br><br>OFFICER MICHAEL LITTLEJOHN<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>and<br><br>OFFICER BRANDON BALDWIN<br>Metropolitan Police Department<br>5th District<br>in both his official and individual capacities<br><br>Defendants. | Case No. 14 - 0003888 |

## COMPLAINT
(Police Brutality/Excessive Force; False Arrest/False Imprisonment; Assault & Battery; Deprivation of Civil Rights; Negligent/Intentional Infliction of Emotional Distress)

### INTRODUCTION

1. This is a civil action brought against the defendants for acts of negligence and intentional misconduct by a member of the Metropolitan Police Department while acting under color of law.

### JURISDICTION

2. Jurisdiction exists in this case pursuant to D.C. Code § 11-921 (1981).

### PARTIES

3. Richard D. Jones, Jr. was at all times relevant herein, a United States citizen and a resident of the State of Maryland.

4. Officer Adam Shaatal, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

5. Officer Michael Littlejohn, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

6. Officer Brandon Baldwin, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

7. Defendant District of Columbia is a Municipal Corporation and at all times herein was responsible for the actions of the members of its police department.

### STATEMENT OF R RELEVANT FACTS

8. On the evening of June 20, 2013, at approximately 9:00 p.m., plaintiff Richard D. Jones,

exited his vehicle and who knew or should have known that plaintiff Jones was not resisting, grabbed plaintiff Jones and began placing him in a choke hold with his baton. At the same time, defendant Shaatal began violently beating plaintiff Jones on his legs with a baton. After defendant Littlejohn took plaintiff down to the ground in the choke hold, defendant Shaatal continued to beat plaintiff Jones on his legs with the baton. Defendant Baldwin, who had also arrived on the scene by this time stood by and watched as defendants Shaatel and Littlejohn beat the plaintiff for no reason and took no action to intervene or stop the assault being committed in his presence. After being physically abused for no reason at all, the plaintiff was placed in handcuffs.

10. Unbeknown to defendants Shaatal, Littlejohn and Baldwin, Mr. Kenley had begun recording the incident on his mobile phone. When the defendant officers realized that Mr. Kenley was recording the incident they then turned their hostility toward him by knocking the phone out of his hands. Mr. Kenley was ultimately arrested on the bogus charge of assault on a police officer.

11. As plaintiff lay on the ground suffering from the physical pain associated with the unprovoked and illegal attack by defendants Shaatal and Littleton and in handcuffs, several members of the D.C. Metropolitan Police Department, including but not limited to defendant Baldwin, maced plaintiff in his face. The plaintiff was left to lay on the ground in pain for a substantial period of time. Subsequently, an unidentified MPD officer washed plaintiff's eyes where had beed sprayed with mace. For no reason other than to cause him further discomfort, disgrace, and humiliation, the defendant officers, forced the plaintiff to stand for another 30 minutes as they laughed and joked about his circumstance.

12. More than an hour after the plaintiff was stopped, beaten, placed in a choke hold, handcuffed, maced and forced to stand on his injured legs, the plaintiff was transported to Fifth District Police Station and was booked, finger printed and processed. Incredulously, after having

viciously beaten plaintiff, the defendants officer falsely and maliciously charged plaintiff Jones with a crime. Plaintiff Jones was placed in a holding cell other detainees. With the intent to cause plaintiff Jones further harm, officers repeatedly inquired as to plaintiff Jones' occupation, even though they knew that he was a corrections officer, and repeatedly broadcast this information so that the others being detained would hear.

13. Hours later, the plaintiff was taken to Central Cell at the D.C. Superior Court and placed in a holding cell. At approximately 4:00-5:00 p.m., on the following day, the plaintiff was informed that his case was no papered and he was free to leave.

14. At all times relevant to this action, the District of Columbia had in effect and was responsible for the policies and procedures followed by the defendant police officers in the actions taken relating to the plaintiff.

## COUNT I
### (Excessive Force/Police Brutality)

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if fully set forth herein.

16. At all times relevant herein, defendant officers had a duty to employ only reasonable measures in their interaction and treatment of the plaintiff.

17. Notwithstanding said duties, the defendant officers and defendant District of Columbia through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on plaintiff inasmuch no force whatsoever was warranted under the circumstances nor authorized.

18. Defendant District of Columbia, acting under color of law, approved and/or condoned the actions of the defendant officers thus, any and all liability on the part of the defendant officers is imputed to defendant District of Columbia.

19. As a direct and proximate result of the intentional and wrongful actions of the

defendants, plaintiff suffered severe personal injuries.

Wherefore, plaintiff demand judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II
### (Assault & Battery)

20. Plaintiff incorporates, by reference, paragraphs 1 through 14 as is fully set forth herein.

21. The defendants without proper grounds, willfully and maliciously beat plaintiff. Each of the injuries suffered by the plaintiff were inflicted without provocation from the plaintiff and while they were presenting no immediate threat to anyone.

22. As a direct and proximate result of defendants' willful, malicious and intentional actions, plaintiff suffered serious bodily injury.

Wherefore, plaintiff demand s judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT III
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

23. Plaintiff incorporates, by reference, paragraphs 1 through 14 as is fully set forth herein.

24. Plaintiff further alleges that defendants, with deliberate indifference to and reckless disregard for the safety and well-being of plaintiff and in violation of the 4th Amendment to the Constitution, did on June 20, 2013, commit, or allow to be committed, acts which deprived plaintiff of his Constitutional rights to be free from an unreasonable seizure.

25. As a direct and proximate result of the actions and/or inactions of defendants Shaatel, Littlejohn and Baldwin , plaintiff was severely beaten and seriously injured by the renegade

defendant police officers, acting outside the parameters of law and decency.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (Intentional/Negligent Infliction of Emotional Distress)

26. Plaintiff incorporates, by reference, paragraphs 1 through 14 as is fully set forth herein.

27. The defendant officers intentionally and/or negligently caused severe emotional distress to plaintiff by extremely negligent, reckless, malicious and indifferent conduct, including but not limited to beating him, choking him, macing him while handcuffed and otherwise brutalizing him.

28. As a direct and proximate result of defendants extremely negligent, reckless, malicious and indifferent conduct, plaintiff suffered severe pain, emotional distress, and mental anguish as a result of their actions and/or inactions.

Wherefore, plaintiff demands judgement against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (False Arrest - Imprisonment)

29. Plaintiff Richard D. Jones, Jr. incorporates, by reference, paragraphs 1 through 14 as is fully set forth herein.

30. On the above referenced date and time the defendants wrongfully and unlawfully arrested and detained the plaintiff. The plaintiff committed no act against either defendant or any other party to subject him to arrest, imprisonment, restraint or detention.

31. As a direct and proximate result of the false arrest and imprisonment of plaintiff Jones

by the defendant officers, plaintiff Jones suffered discomfort, distress and loss of liberty and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
Tel. (202) 434-4513