UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD D. JONES, JR., | ) )  ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 14-cv-1584 (TSC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

Plaintiff Richard D. Jones, Jr. initially filed suit in D.C. Superior Court. The lawsuit was removed to this Court on September 17, 2014. Plaintiff moved to remand on the bases that: 1) the removal was untimely, and 2) Defendants failed to comply with the rule requiring all served defendants to consent to removal. Defendants conceded that removal was improper under the rule of unanimity (but did not concede the issue of timeliness) and did not contest the remand motion. Currently before the court is Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1447(c), which authorizes the court to, after remand, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the Defendants' removal was largely unreasonable, the court GRANTS the motion for attorney's fees.

**I.   LAW GOVERNING REMOVAL**

The applicable provisions governing removal are fairly straightforward. A defendant must file a notice of removal within 30 days of receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

1

based." 28 U.S.C. § 1446(b)(1). All defendants "who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1664(b)(2)(A). If the defendants are served at different times, a later-served defendant may remove within the 30 day window applicable to that defendant, and "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

## II.     FACTUAL BACKGROUND

Plaintiff filed suit on June 20, 2014, alleging civil rights violations by the District of Columbia and three officers of the D.C. Metropolitan Police Department ("MPD"). The District of Columbia was served on July 18, 2014. (Pl. Ex. 1). Each of the officers was served on August 18, 2014. (Pl. Ex. 2). On September 17, 2014, the District, acting solely on its own behalf and through counsel from the D.C. Office of the Attorney General, filed a Notice of Removal commencing this federal civil action. (ECF No. 1). It is undisputed that this was more than 30 days after the District was served with the complaint. The next day, September 18, 2014, District counsel filed an errata which amended the notice of removal to be on behalf of the District and one of the three MPD officers, Adam Shaatal. (ECF No. 2-1). September 18 was the 31st day after Shaatal was served with the complaint. The amended notice of removal was silent as to the two remaining defendants, Michael Littlejohn and Brandon Baldwin.

On September 22, 2014, counsel for Plaintiffs invited the Defendants to voluntarily remand the matter to Superior Court as untimely removed. (Pl. Ex. 5). District counsel replied that removal was timely in light of the amendment on behalf of Shaatal, who counsel erroneously claimed was served in September. (Pl. Ex. 6). Plaintiff's counsel disagreed that an amendment filed on the 31st day after service could render the removal timely, and also noted that the

remaining defendants had not been included in the removal.  (Pl. Ex. 7).  Counsel for the District stated they had no record the remaining officers, Baldwin and Littlejohn, had actually been served and maintained that removal was timely.  (Pl. Ex. 8).

Plaintiff moved to remand on October 17, 2014, arguing that "subsequent amendment [itself untimely] of an untimely notice does not make the original notice timely" and that failure of all defendants to join the removal was independently fatal.  (Pl. Remand Mot. at 3).  On November 3, 2014 Defendants consented to remand because, as of September 17 "counsel was unaware that co-defendants [Littlejohn and Baldwin] had been properly served and did not include these defendants in the notice of removal."  (Notice, ECF No. 6, at 1).

### III.   ANALYSIS

The Court is authorized to impose attorney fees and other costs when a Plaintiff prevails in a motion to remand.  28 U.S.C. § 1447(c).  Generally, "an award is appropriate only when the nonremovability of the action is obvious."  *Yazdani v. Access ATM*, 457 F. Supp. 2d 36, 37 (D.D.C. 2006) (citing *Ibrahim v. 1417 N St. Assocs., LP*, 950 F. Supp. 406, 408 (D.D.C. 1997)) (internal quotations omitted); *see also Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 39 (D.D.C. 2011) ("a district court may award attorney's fees when remanding a removed case only if the removing party lacked an objectively reasonable basis for seeking removal") (internal quotation omitted).  Reasonableness is evaluated "at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper."  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

*Ibrahim* involved a dispute of law: whether the 30-day period began running when service of the complaint was perfected or when the defendant received a copy of the complaint in some manner.  950 F. Supp. at 407.  In light of differing constructions of the statute as to that

particular issue, and because the trial court found the removal was not frivolous or in bad faith, the court declined to award attorney fees. *Id.* at 408. Similarly, *Ballard* involved a question of statutory interpretation that had given rise to a Circuit split, on which the D.C. Circuit had not yet opined. Given that Defendants had a reasonable argument that remand had been proper, the court declined to award attorney fees. 813 F. Supp. 2d at 37-38; *see also Jenkins v. District of Columbia*, No. 14-cv-1890, 2015 WL 546015, at *3 (D.D.C. Feb. 10, 2015) (where factual record was "far from unambiguous" as to which defendants had not already been dismissed from the action, attorney's fees were not appropriate). By contrast, in *Yazdani* the defendant received a copy of the removable amended complaint on February 21, 2006 but did not file a removal notice until April 6, 2006, relying on the flawed memory of defendant's president that it received the complaint in mid-March. Finding that the late removal was the result only of "sloppy lawyering," the court awarded fees. 457 F. Supp. 2d at 38. Likewise in *Johnson-Brown v. 2200 M St., LLC*, 257 F. Supp. 2d 175, 181 (D.D.C. 2003) the court awarded attorneys' fees where the defendants presented arguments supporting removal that were "dubious at best, if not disingenuous."

Here, Plaintiff identified two defects in the Defendants' attempted removal, and Defendant conceded one defect. The Court examines each in term to determine whether the Defendants acted reasonably or whether the grounds of nonremovability were obvious.

### A. Untimely Removal

September 17, 2014 – the day the District filed its original notice of removal – was too late for the District of Columbia to file for removal, as it was well beyond 30 days after service on the District. This the parties do not dispute. The parties also appear to agree that if defendant Shaatal had joined the notice of removal on September 17, 2014, the removal would have been timely (though still deficient for failure to join Baldwin and Littlejohn). But, for reasons that the

4

District has not explained to the court, which could range from error to a misunderstanding (justified or otherwise) of fact or law,[1] Shaatal did not join that filing.  Instead, one day later, the District amended the filing to include Shaatal, but not the other MPD defendants.  (ECF No. 2-1).  The District has not proffered a reason or explanation for why it took these actions on those days.  Instead, the District is resting on the argument that *Plaintiff* failed to "explain why this amendment was ineffective or could not relate back to the original filing."  (Def. Opp'n at 4). Plaintiff already met his burden: he succeeded in having this case remanded to the Superior Court.  It is the *District* which is now responsible for showing the Court it had an "objectively reasonable" basis for believing an untimely amendment could render an equally untimely notice timely – and it has not attempted to do so.[2]  An order requiring the payment of costs and fees would be proper in light of this failure.

### B.  Failure to Obtain Consent by All Defendants

In addition to the untimeliness of the removal, the notice was unquestionably defective because it failed to include consent from all four defendants.  The Defendants assert that on September 17, 2015, District counsel was not aware that Baldwin and Littlejohn had been properly served, and therefore reasonably excluded them from the removal notice.  In support of this assertion, the District makes much of the rule that reasonableness is evaluated at the time of

---

[1] There is some evidence in the record to suggest District counsel was mistaken about the date Shaatal was served, since in an email to Plaintiff's counsel about the timeliness of removal District counsel stated Shaatal had been served in September (Pl. Ex. 6).  Shaatal was served in August, according to the affidavit of service filed in Superior Court.  (Pl. Ex. 2).

[2] Defendants do proffer one admittedly creative but ultimately incorrect argument.  They argue that because claims against a government employee in his or her official capacity are deemed to merge with claims against the employer, the District was in a position to consent on Shaatal's behalf. (Def. Opp'n at 4, n.2).  This argument is legally flawed, as it ignores the distinction between suing a person in his or her "official capacity" and a suit arising of out that person's actions within the scope of their official conduct.  *See, e,g.*, *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (explaining distinction).  More importantly, this is the first and only time Defendants have raised this argument, suggesting that it did not form the basis of their actions but is instead an *ex post* justification.

removal, and argues that based on the facts known to the District at the time of removal, removal was reasonable.

The "at the time of removal" standard is invoked by courts to address situations where there is an intervening change in law or fact. *Valdes*, 199 F.3d at 293-94 (pointing to arguable change in state law which would affect fraudulent joinder arguments); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993) (noting that it only became clear the amount in controversy threshold was not crossed after defendants filed notice of removal). In this case, no facts changed between September 17 and November 3; only the District's knowledge of those facts did. Moreover, the District has failed to explain why its limited and incorrect knowledge of the relevant facts on September 17 was "objectively reasonable." The District states that it "did not confirm that that [sic] other defendant officers had been served until after Plaintiff filed his motion to remand," (Def. Opp'n at 6), without positing any explanation for why it did not do so, and why it took more than three weeks to obtain that confirmation – particularly in light of Plaintiff's post-removal emails putting the District on, at the very least, inquiry notice as to whether all four defendants had been served. *See, e.g.*, *Squillante v. Cigna Corp.*, No. 12-cv-6003, 2012 WL 5974074, at *4 (S.D.N.Y. Nov. 28, 2012) (holding that fees were proper in part because defendants "declined to voluntarily remand to state court after being apprised by [plaintiff's] counsel of the controlling precedents laid out above" and after the court, at a hearing, informed defendants their position was "unpersuasive"); *Stein v. Am. Express Travel Related Servs.*, 813 F. Supp. 2d 69, 74 (D.D.C. 2011) (where plaintiffs called controlling law rendering non-removability obvious to the attention of defendants, fees were appropriate).

This case is similar to, but ultimately distinguishable from, *Williams v. Int'l Gun-A-Rama*, 416 Fed. Appx. 97, 100 (2d Cir. 2011) where the court determined that fees would be

improper.  There, the "plaintiffs had not filed affidavits of service with the state court for served co-defendants" at the time of removal, so the defendants may not have had constructive notice that one of the co-defendants had in fact been served.  In addition, the amended complaint lacked an address for that co-defendant, which "theoretically imped[ed] removing defendants' ability to locate" that co-defendant and obtain consent.  Moreover, removal was attempted prior to expiration of that co-defendant's 30-day window, and "removal could therefore have been procedurally proper had his consent been subsequently and timely obtained."  416 Fed. Appx. at 100; *see also In re Village of Kiryas Joel, N.Y.*, No. 11-cv-8494, 2012 WL 1059395, at *6 (S.D.N.Y. Mar. 29, 2012) ("If the other defendants had subsequently provided this Court with timely unambiguous written evidence of their consent, the Notice of Removal would have been proper….Therefore, it was not objectively unreasonable for the Village to have removed the case to this Court on November 22, 2011").

The circumstances in this case, however, are different.  Plaintiff did file affidavits of service on the Superior Court docket, all on the same date, reflecting service on all defendants.  (Pl. Ex. 2).  Indeed, the officer who accepted service on behalf of Shaatal also accepted service on behalf of Baldwin.  (*Id.*).  Unlike in *Williams*, information about the service status of the defendants was readily available to District counsel, which represents all defendants.  And in contrast to *Williams*, there was no opportunity to cure the failure, because even if removal was timely (and, to be clear, it was not), there was no remaining time for any of the silent defendants to consent to that removal.

## IV.   REASONABLENESS OF FEES CLAIMED

When awarding fees, the court is "duty-bound to ensure that such an award is reasonable."  *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 135 (D.D.C. 2007).  The court

considers and assesses three factors to make that determination: the reasonableness of the hours spent, the reasonableness of the hourly rate charged, and the propriety of the use of any multiplier. *Id*. (citing *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The court may, in its discretion, award fees for the time spent litigating plaintiff's right to collect those fees. *Id.*

Plaintiff's counsel here seeks payment for 4.7 hours for "researching the issues involved," 2.5 hours for "drafting the motion to remand," (Pl. Mot. at 4), and 2.5 hours spent drafting the reply in support of its motion for fees. (Pl. Reply at 7). Plaintiff's counsel seeks compensation at the *Leffey* Matrix rate of $520.00 per hour (based on his 20+ years of experience), for a total award of $5,044.00. In this District, the *Leffey* Matrix is used as the "benchmark for reasonable fees." *Muldrow v. Re-Direct, Inc.*, 397 F. Supp. 2d 1, 3 (D.D.C. 2005). Defendants do not address or contest the reasonableness of the hours expended or the rate claimed. Neither the amount of time expended nor the rate claimed appears to the court to be unreasonable and the court will therefore grant the motion in full.

A corresponding order accompanies this opinion.

Dated: May 20, 2015